IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV353-MU

| | | |
|---|---|---|
| WATER OUT DRYING CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ROSS ALLEN, an individual, and WATER OUT FLASHING, | ) ) | |
| | ) | |

This matter is before the court upon Plaintiff's Motion to Compel Discovery. Specifically, Plaintiff seeks an Order compelling the Defendants to produce their federal and state tax returns pursuant to Plaintiff's First Set of Requests for Production of Documents and Things. Plaintiff is suing Defendants for trademark infringement and violation of the North Carolina Unfair and Deceptive Trade Practices Act.

Disclosure of tax returns is disfavored and courts should exercise great caution in ordering disclosure of tax returns. Terwilliger v. York Int'l Corp., 176 F.R.D. 214, 216 (W.D.Va. 1997). Accordingly, there exists a qualified privilege against disclosing tax returns, which can be overcome only if: (1) the party seeking disclosure shows that the tax return is relevant to the subject matter in dispute; and (2) the resisting party is unable to identify an alternative source for the relevant information. See Id. at 216-217. Plaintiff states that it is seeking the tax returns in order to determine Defendants' ability to pay any award of punitive damages. Plaintiff cites Interstate Narrow Fabrics v. Century USA, Inc., 2004 U.S. Dist. LEXIS 3839 (M.D.N.C.) in support of the proposition that tax returns which provide information as to a

1

defendant's net worth are relevant if the defendant is potentially liable for punitive damages. However, returns are relevant to the subject matter in dispute only after the plaintiff has made a prima facie showing that it is entitled to punitive damages. See Id. at *2 (court originally denied motion to compel tax returns and only compelled production after plaintiff's prima facie claim to punitive damages was sustained); Blount v. Wake Electric Membership Corp., 162 F.R.D. 102, 105 (E.D.N.C. 1993) (court held that the defendant did not have to produce tax returns until it either lost a motion to dismiss the punitive damages claim or the deadline to file a motion to dismiss passed without the defendant filing such a motion).

Plaintiff has failed to meet its burden to show relevance, as it has not even asserted a punitive damages claim in its Complaint. Any enhanced damages in trademark cases and in cases involving unfair and deceptive trade practices are three times the damages award. See 15 U.S.C. § 1117(b); N.C.Gen.Stat. §75-16. Thus, the award of damages by the court or jury has nothing to do with Defendants' net worth or their ability to pay. Accordingly,

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel is hereby DENIED.

Signed: June 7, 2006

Graham C. Mullen
United States District Judge