IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV353-MU

| | |
|---|---|
| WATER OUT DRYING CORP., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ROSS ALLEN and WATER OUT )<br>FLASHING, )<br>)<br>Defendants. )<br>_____ ) | ORDER |

This matter is before the court upon Plaintiff's Motion for Contempt and Sanctions. The Defendants have failed to respond to Plaintiff's motion in any way.

Plaintiff instituted this lawsuit against the Defendants alleging trademark infringement and unfair competition. Defendants have been proceeding pro se, despite the court's warning to Defendant Water Out Flashing that a corporation must be represented by counsel.

Prior to the close of discovery, on November 15, 2006, Plaintiff took the deposition of Ross Allen. During the deposition, Mr. Allen refused to answer numerous questions. Plaintiffs filed a Motion to Compel, which this court granted, ordering Mr. Allen to appear for a second deposition at his expense and to provide responsive answers to Plaintiff's questions. Plaintiff deposed Mr. Allen again on June 11, 2007, pursuant to the court's Order. Mr. Allen once again refused to provide answers to many questions, responding in the same way he did at his first deposition, by stating that he did not have answers for the Plaintiff and providing no documentation despite Plaintiff's subpoena. Specifically, when asked questions regarding the basis for his counterclaims and defenses, Allen refused to provide the Plaintiff with any

information.

When a party fails to comply with discovery ordered by the court, the court may impose sanctions up to and including dismissal or a default judgment. Green v. John Chatillon & Sons, 188 F.R.D. 422, 423 (M.D.N.C. 1998). Since dismissal or default is considered an extreme sanction, the court must apply a balancing test prior to imposing such a sanction, weighing (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. Id. at 423-4.

Applying these four factors to the case at hand, the court finds that the factors weigh in favor of the sanction of dismissal of Allen's counterclaims and affirmative defenses. The court finds that Mr. Allen has acted in bad faith due to his complete refusal to proceed with the instant case. Despite this court's clear direction to provide Plaintiff with answers to its discovery requests, Mr. Allen has steadfastly refused to cooperate. "Noncompliance with discovery orders can serve as a basis for bad faith." Id. at 424. The court further finds that Mr. Allen's noncompliance has severely prejudiced the Plaintiff. Discovery is now closed, trial is scheduled for November and the Plaintiff faces the impending trial without the benefit of knowing what facts Defendants will be using to establish their affirmative defenses and counterclaims. There is certainly a need to deter the kind of conduct engaged in by Mr. Allen in this case. Mr. Allen directly disregarded this court's Order to provide responsive answers to Plaintiff's discovery requests. Instead, Mr. Allen responded to the majority of Plaintiff's questions with his standard response of "I don't have an answer for you at this time." Conduct such as Defendant Allen's must be discouraged as a deterrent to other parties appearing before this court. Lastly, the court

finds that less drastic sanctions would be ineffective. The court has already imposed monetary sanctions on Mr. Allen by ordering him to pay the Plaintiff's costs associated with taking a second deposition. However, this sanction did little to dissuade Mr. Allen from continuing his pattern of disregarding the discovery rules and this court's Order.

Accordingly, the court finds that these factors weigh in favor of the sanction of dismissal with prejudice of Defendant Allen's counterclaims and affirmative defenses. Moreover, unless Defendant Water Out Flashing, Inc. retains legal counsel for trial, it will be considered in default.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Contempt and Sanctions is hereby GRANTED in part, and Defendant Allen's counterclaim and affirmative defenses are hereby DISMISSED WITH PREJUDICE;

IT IS FURTHER ORDERED that Plaintiffs are directed to file an affidavit stating the amount of costs and fees associated with the filing of this motion.

Signed: September 19, 2007

Graham C. Mullen
United States District Judge